*424 OPINION.
Mukdock:
The petitioner contends that of the $15,000 which he paid to Noel in 1920, he is entitled to deduct $14,500 under section *425 214(a) (1) of the Revenue Act of 1918, as an ordinary and necessary expense of carrying on a trade or business. Part of the services for which the attorney made this charge had to do with certain business enterprises of the petitioner. However, the attorney also rendered services which had nothing whatever to do with the petitioner’s trade or business, but, on the contrary, had to do with his personal family affairs. Amounts paid for services such as these are not deductible as ordinary and necessary expenses of a trade or business. David G. Joyce, 3 B. T. A. 393, and George Ullman, Executor, 6 B. T. A. 100. It appears that a considerable portion of the attorney’s fee was to compensate the attorney for services of this latter sort. The attorney is now and always has been unable to make an allocation of his fee between the two different kinds of services which he rendered. No method has been suggested whereby we may make such an allocation. Consequently, on this point we must affirm the Commissioner. Helen S. Pennell, 4 B. T. A. 1039.
The petitioner has raised no controversy over the valuation of the buildings which he owned in the City of Indianapolis. The parties have agreed upon the rates to be applied to the values of those buildings for the purpose of computing depreciation deductions for 1919 and for part of 1920, under section 214(a) (8) of the Revenue Act of 1918.

Judgment will he entered under Rule 50.